UNITED STATES *v.* MURPHY.*

*(Circuit Court, S. D. Ohio, W. D.* October, 1881.)

1. INMATES OF SOLDIERS' HOMES—NOT IN MILITARY SERVICE OF UNITED STATES—INDICTMENT FOR APPROPRIATING CLOTHING OF INMATES—REV. ST. §§ 5438, 5439.

> Inmates of the National Military Home at Dayton, Ohio, are not in the military service of the United States, and clothing issued to them is not used in such service. *So held,* on demurrer to an indictment under section 5439, Rev. St., charging the defendant with applying to his own use an overcoat which had been issued to an inmate of such home.

On Demurrer to Indictment.

*Samuel Craighead,* for the demurrer.

*Channing Richards,* U. S. Dist. Atty., *contra.*

SWING, D. J. The indictment is drawn under section 5439 of the Revised Statutes. The two counts, differing somewhat in form, charge that the defendant has applied to his own use an overcoat which had been issued to an inmate of the National Military Home at Dayton, to be used by him for the military service of the United States. A demurrer to this indictment raises the question whether clothing so issued to inmates of that institution is within the prohibition of that section. The preceding section (5438) prohibits the purchase of clothing, etc., from any soldier or other person called into or employed in the military service of the United States, such soldier or person not having the lawful right to sell the same. This section (5439) then prohibits any person from knowingly applying to his own use any clothing or other property of the United States furnished or to be used for the military service. Under section 5438 the clothing must be purchased from a person "in the military service;" under section 5439 it must be clothing or other property of the United States "furnished or to be used for the military service." The indictment, it is true, charges in one count that the overcoat in question was "furnished for the military service," and in the other that it was "to be used for the military service," but in each it appears it had been issued to an inmate of the home.

It was claimed in argument on behalf of the government that these military homes are a part of the military establishment, and clothing issued to the inmates is furnished and used for the military service. It is clear that the inmates of these homes are not in the military

*Reported by J. C. Harper, Esq., of the Cincinnati bar.

service. It is not claimed that section 5438 applies to the purchase of clothing from them; nor do I think that the clothing issued to them is used in the military service of the United States.

Congress could probably prohibit the purchase of clothing from these inmates, and punish any one applying it to other purposes than that for which it is issued; but the law in force does not apply to it, and the demurrer must be sustained.